IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-0544 |
| ALL NU ELECTRICAL CONTRACTING CORPORATION, a/k/a ALL NU ELECTRICAL CONSTRUCTION AND MAINTENANCE | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Trustees of the National Electrical Benefit Fund ("NEBF") brings this action against Defendant All Nu Electrical Contracting Corporation under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant has failed to answer or otherwise defend in this action, and the Clerk entered default against Defendant on May 12, 2022. ECF No. 10. Now before the Court is Plaintiff's Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion for Default Judgment is granted, and judgment against Defendant is awarded in the amount of $37,686.73.[1]

---

[1] Plaintiff requests total judgment in the amount of $37,866.73. ECF No. 9-4 ¶ 13; ECF No. 9-9 at 2. However, as shown below, the amounts owed as documented include $23,764.89 in unpaid contributions, $4,401.93 in interest, and $7,631.51 in liquidated damages, plus $1,888.40 in attorney's fees and costs. ECF No. 9-1 at 4. The discrepancy appears to be due to a calculation error. *Compare* ECF No. 9-4 ¶ 11 (showing total amount owed before attorney's fees and costs as $35,978.33) *with* ECF No. 9-8 at 2 (showing total amount owed before attorney's fees and costs as $35,798.33). Based on the materials presented, the latter is the correct amount due before attorney's fees and costs.

Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

**I.     BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, *see* ECF No. 9-1; ECF No. 9-3; ECF No. 9-4; ECF No. 9-8. NEBF is a multiemployer employee pension benefit plan governed by ERISA, which is offered to employers through agreements with the International Brotherhood of Electrical Workers ("IBEW") or one of its affiliated local unions. ECF No. 1 ¶ 4. Defendant All Nu Electrical Contracting has a collective bargaining agreement with IBEW Local Union 25, which obligates Defendant to submit contributions to NEBF on behalf of employees covered by the collective bargaining agreement. *Id.* ¶ 6.

On March 7, 2022, NEBF filed its Complaint, asserting an ERISA claim against Defendant for $23,764.89 in unpaid contributions, $4,169.24 in interest, and $7,631.51 in liquidated damages—totaling $35,565.64—plus reasonable attorneys' fees and costs.[2] *Id.* at 5. On March 14, 2022, Defendant was properly served. ECF No. 7. On May 4, 2022, Plaintiff requested the Clerk of the Court to enter default against Defendant, ECF No. 8, which the Clerk entered on May 12, 2022, ECF No. 10. On May 4, 2022, Plaintiff moved for default judgment and attorneys' fees. ECF No. 9.

**II.    STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ.*

---

[2] As of April 2022, interest on the unpaid contributions totaled $4,401.93. ECF No. 9-4 ¶ 11.

*Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Rule 54(c) limits the type of judgment that may be entered based on a party's default so that it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Further, while the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citation omitted).

### III. DISCUSSION

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such

plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). Here, Plaintiff alleges that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to make contributions to NEBF but failed to do so during the period from February 2019 through December 2021. *See* ECF No. 1 ¶ 10. The unpaid contributions totaled $38,157.57, of which $14,392.68 has since been received. *Id.* ¶¶ 10–11. According to the Complaint, the remaining unpaid principal balance owed to NEBF is $23.764.89. *Id.* ¶ 11. The Affidavit of Brian Killian, Manager of the Audit and Delinquency Department of the NEBF, and the accompanying NEBF Delinquency Report, further establish that Defendant underpaid NEBF by this amount. ECF No. 9-4 ¶ 8; ECF No. 9-8 at 1–2.

ERISA also provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> i. interest on the unpaid contributions, or
>>
>> ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters*, 919 F. Supp. 2d at 686; *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012). Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendant's liability under the Collective Bargaining Agreements, the Trust Agreement, and section 502(g) of ERISA.

In support of its request for damages, Plaintiff submits the Delinquency Report for the Defendant, ECF No. 9-8 at 1–2, and the Affidavit of Brian Killian, ECF No. 9-4 at 1–4. The Report indicates that $23,764.89 is outstanding from unpaid contributions. ECF No. 9-8 at 1–2. Killian attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), NEBF is authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency. ECF No. 9-4 ¶ 10. Thus, in addition to the $23,764.89 in unpaid contributions, Defendant owes $4,401.93 in interest on the delinquent contributions, and $7.631.51 in liquidated damages, as of April 2022.[3] ECF No 9-8 at 2; *see* 29 U.S.C. §§ 1132(g)(2)(A)–(C).[4]

In support of Plaintiff's request for attorneys' fees and costs in an amount of $1,888.40, Plaintiff attaches the Affidavit of Attorney Jennifer Bush Hawkins. ECF No. 9-1. Hawkins

---

[3] Rule 54(c) provides that an award may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Although the damages sought in Plaintiff's Motion for Default Judgment differ slightly in dollar amount from those sought in Plaintiff's Complaint, the Court finds that "[w]here a complaint demands a specific amount of damages *and* unspecified additional amounts, … so long as a defendant has notice that additional unspecified damages may be awarded if the case proceeds to judgment, general allegations in the complaint may suffice to support default judgment in an amount that is proven." *Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *3 (D. Md. Jan. 6, 2017) (citation omitted) (emphasis in original).

[4] The purported amounts owed in interest and liquidated damages appear inverted in Killian's Affidavit—with Killian attesting that Defendant owes $4,401.93 in liquidated damages and $7,631.51 in interest. Based on the Report and the rates cited in Trust Agreement, these figures appear to be in error. *See* ECF No. 9-4 ¶ 11; ECF No. 9-7 at 7.

attests that $1,888.40 includes work completed by herself, an associate attorney, and a legal assistant, with breakdowns for the amount of time billed by each and their respective rates. ECF No. 9-1 at 2–3. The amount also includes a $402.00 filing fee and a $150.00 service of process fee. *Id.* at 3; *see also* ECF No. 9-3 at 1. The Court finds the time billed and hourly rates applied to be reasonable and commensurate with the Local Guidelines. Loc. R. App. B (D. Md. 2021). Therefore, the request will be granted in full. *See Trustees of Nat'l Elec. Benefit Fund v. D'Narpo Elec., LLC*, No. CV DKC 22-0963, 2022 WL 4608298, at *2 (D. Md. Sept. 30, 2022) (awarding attorneys' fees and expenses to same counsel for NEBF). Defendant therefore owes $1,888.40 in attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 9, is granted against Defendant in the total amount of $37,686.73. Additionally, post-judgment interest shall accrue until the judgment is satisfied, pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: <u>January 31, 2023</u>             ___/s/_____
                                          GEORGE J. HAZEL
                                          United States District Judge